[No. 5854. Decided January 2, 1906.]

JOSEPH A. HYDE, JUNIOR, *Appellant,* v. L. B. BRITTON *et al., Respondents.*[1]

PARTITION—EVIDENCE—TITLE OF PLAINTIFF'S PREDECESSOR—TWO PERSONS OF SAME NAME—IDENTITY—BURDEN OF PROOF. In an action for partition, a finding that the plaintiff failed to show any title to the premises is sustained where it appears that the title was formerly held by J. W., of the city of S, that there were two persons in such city by that name, that J. W. had conveyed his interests, and the plaintiff claimed a half interest through heirs of the deceased wife of J. W., whose will made no mention of this property, which was not included in the inventory of the estate, and the plaintiff failed to show by the preponderance of evidence that the title was held by the J. W. who was the husband of the plaintiff's predecessor in interest.

[1] Reported in 83 Pac. 307.

LIMITATION OF ACTIONS—PARTITION—TITLE WITHIN TEN YEARS. An action for the partition of real estate cannot be maintained where it appears that neither plaintiff nor his ancestor, predecessor or grantor, was seized or possessed of the premises at any time within ten years prior to the commencement of the action.

Appeal from a judgment of the superior court for King county, Hatch, J., entered June 30, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for partition. Affirmed.

*H. D. Moore,* for appellant. The lot was community property. John Webster on the death of his wife, became a tenant in common with her heirs, and had constructive possession of the lot. *Hill v. Young,* 7 Wash. 33, 34 Pac. 144. His grantee succeeded to such constructive possession, and the deed, although recorded, did not constitute an ouster of the cotenants without actual notice, or such notorious acts that notice will be presumed. 17 Am. & Eng. Ency. Law (2d ed.), 680; *Holley v. Hawley,* 39 Vt. 525, 94 Am. Dec. 350; *Warfield v. Lindell,* 38 Mo. 561, 90 Am. Dec. 443; *Page v. Branch,* 97 N. C. 97, 2 Am. St. 281; Freeman, Co-Tenancy, 226, 229; *Cox v. Tompkinson,* 39 Wash. 70, 80 Pac. 1005. Title cannot be acquired by the payment of taxes for seven years; the payments must be made in successive years. *Wettig v. Bowman,* 47 Ill. 17; *Cook v. Norton,* 43 Ill. 396; *McMahill v. Torrence,* 163 Ill. 277, 45 N. E. 269; *White v. Harris,* 206 Ill. 584, 69 N. E. 519. The redemption from a tax sale is not such payment of taxes within the meaning of the statute. *Holbrook v. Dickenson,* 56 Ill. 497; *McDonald v. McCoy,* 121 Cal. 55, 53 Pac. 421. There was no proof that there was claim or color of title made in good faith. *Dane v. Daniel,* 23 Wash 379, 63 Pac. 268; *Biggart v. Evans,* 36 Wash. 212, 78 Pac. 925.

*Fred H. Peterson* and *H. C. Force,* for respondents. The registration of a deed under which a tenant in common claims

exclusive right is notice to his cotenants of adverse posses-
sion. 1 Cyc. 1078; *Foulke v. Bond,* 41 N. J. L. 527;
*Puckett v. McDaniel,* 8 Tex. Civ. App. 630, 28 S. W. 360;
*Cox v. Tompkinson,* 39 Wash. 70, 80 Pac. 1005. Title by
the payment of taxes for seven years was complete. *Phila-
delphia etc. Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac.
501; *Hinchman v. Whetstone,* 23 Ill. 185; *Capps v. Deegan*
(Tex. Civ. App.), 50 S. W. 151; *Murphy v. Redeker,* 16
S. D. 615, 94 N. W. 697, 102 Am. St. 722. There was
no evidence to rebut the presumption of good faith. *Hinch-
man v. Whetstone* and *Foulke v. Bond, supra.*

Root, J.—This is an appeal from a final judgment against
the plaintiff and appellant, made and entered by the superior
court of King county, in an action for a partition of lot 9,
block 10, Cove addition to the city of Seattle. In 1882 this
lot was conveyed by the owner to one John Webster. There
were in Seattle at that time two men by the name of John
Webster. One of these, at that time and for many years
thereafter, was the husband of Phoebe Ann Webster, with
whom he was residing in the city of Seattle. As to which
one of these men the property in question was conveyed, was
a question in dispute in this case. In 1884 Phoebe Ann
Webster died, leaving as her sole heirs four persons who, in
April, 1904, conveyed by quitclaim deed whatever interest
they had in said property to the Title Guarantee Company,
which shortly thereafter quitclaimed the same to this ap-
pellant, who claims an undivided one-half interest in said lot
as the successor in interest to the community right of Mrs.
Webster.

Respondents claim title to the entire property through a
deed executed in 1886, purporting to convey the whole thereof
from John Webster to Lewis McCallister, and by certain
mesne conveyances made thereafter, all of said deeds being
duly recorded soon after execution. The taxes for 1891 and
1892 were paid by persons who, at those dates or when said

taxes became due, claimed to be owners· of said property under the deed from John Webster, above referred to, and from whom respondents claim title. In 1898 a certificate of delinquency was issued to King county for taxes upon said property for the years 1893, 1894, and 1895. The taxes thereafter, to and including 1901, were paid by one Albert Meinhardt, who in that year began suit to foreclose said tax certificate. On January 20, 1903, the lot was redeemed by H. R. Carr, who paid the costs of· the foreclosure proceedings, and also the taxes for 1902. Respondents acquired the interests of said Meinhardt and Carr, and paid the taxes for 1903.

Appellant, in his complaint, set forth the purchase of said property by said John Webster who was at said time the husband of said Phoebe Ann Webster; alleged the decease of said Phoebe Ann Webster, without having disposed of her interest in this property; alleged the subsequent conveyance by her heirs of their interest in said property, and the acquiring by appellant of whatever right, title, and interest said Mrs. Webster had owned in said property; and prayed for a partition of said property. Respondents denied the allegations of the appellant as to the facts showing or tending to show any community interest on the part of Phoebe Ann Webster in said lot, and set up two affirmative defenses: (1) A plea of the ten-year statute of limitations; (2) that they and their predecessors in interest had for seven years prior to the commencement of this action been in the actual possession, under color of title and in good faith, and had made improvements and payment of taxes on said property during said seven years. The trial court found that the appellant had no title whatever to said land, and also found in favor of the respondents upon both of the affirmative defenses. Exceptions were taken to these findings, and we are called· upon to review the same.

As to whether or not the purchasing and foreclosure of a tax certificate by one claiming an interest in property, in-

stead of paying the taxes year by year, would permit such party to avail himself of the provisions of the seven-year statute, would present a serious question; but the view we take of the other questions makes it unnecessary to decide the matter.

Upon the question of title, and upon the question of adverse possession, we think the finding of the trial court should be sustained. This being an action for a partition, the burden of proof was upon the plaintiff to establish his case by a fair preponderance of the evidence. It does not appear that Mrs. Webster was ever in possession of this lot. It appears that she left a will, but did not therein mention the property in question here. In the administration of her estate, said property was not considered and was in no manner dealt with, and it does not appear that her heirs ever made any claim to said property until a comparatively short time before the commencement of this action. Then said lot and several others were conveyed by· quitclaim deed to the Trust Company, which, in turn, by quitclaim deed, conveyed the same to appellant, who paid only $200 as consideration for the entire interest conveyed. It is claimed by respondents that the purchase of this property by appellant was purely for speculative purposes. It is not made to appear as to which John Webster this property was conveyed. The burden was on appellant to show that the grantee in the original deed of the property was the identical John Webster who was the husband of Phoebe Ann Webster.

The statute of limitations, in regard to the bringing of actions of this kind, reads as follows:

"The period prescribed in the preceding section for the commencement of actions shall be as follows: Within ten years,—(1) Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within ten years before the commencement of the action." Bal. Code, § 4797.

In answer to interrogatories submitted by respondents to the appellant, the latter said he did not live upon said lot; and to the question, "What acts of possession has he [appellant] ever performed with regard to said lot, and when?" he answered, "Buying said lot, taking and recording a deed thereto, the lot being unoccupied and unimproved." In answer to questions as to the possession, and as to what acts of possession had been performed by his alleged predecessors in interest, he answered, "I do not know." In answer to a question as to when the heirs of Phoebe Ann Webster first learned of their alleged interest in said lot, he answered, "I am informed that they knew of it first within the present year." We do not think a further review or analysis of the evidence necessary. The plaintiff is not shown by the evidence to have been in the possession or control of the property within the ten years immediately preceding the commencement of the action, and we do not think that the evidence established a title in him to a half, or any other, interest in the said lot. Respondents and their predecessors in interest had exercised dominion over, and claimed, the property adversely against the world since the Webster deed in 1886.

The judgment of the superior court will therefore be affirmed.

MOUNT, C. J., DUNBAR, CROW, HADLEY, RUDKIN, and FULLERTON, JJ., concur.